Mc Ilvaine *v.* Harris.

McÍLVAINE, Appellant, *vs.* HARRIS, Respondent.

1. Where a deed is executed for land, with a growing crop of wheat upon it, parol evidence is inadmissible to show that the wheat was reserved by the grantor, and afterwards, before harvest, *verbally* sold to the grantee ; this being an *interest in land* within the statute of frauds.

*Appeal from Washington Circuit Court.*

This was an action commenced before a justice of the peace to recover the price of a crop of growing wheat alleged to have been sold to the defendant.

At the trial in the Circuit Court on appeal, the plaintiff offered to show the following facts : Early in March, 1852, he and the defendant made a verbal agreement, he to sell and the defendant to purchase a tract of land upon which he then resided, possession to be given the ensuing fall. Very soon afterwards, the agreement was modified, and defendant allowed to take possession immediately of a part of the dwelling house, and such portions of the farm as plaintiff had not at the time in cultivation. Plaintiff had a field of wheat sown the fall before, and had sown oats that spring. On the 30th of March, plaintiff executed to defendant a general warranty deed for the farm, but at the time made a reservation of his crops. He continued to use the parts reserved after the execution of the deed, and was allowed to cut and take away the oats without objection. Before the wheat matured, he sold it to the defendant on credit for the sum sued for.

Upon the production by the defendant of the deed from the

plaintiff, containing no reservations, all the evidence offered by the plaintiff was excluded. He excepted, took a nonsuit and appealed to this court.

*M. Frissell*, for appellant. 1. A verbal reservation of possession of all or part of the premises conveyed, for some limited time, is binding. So is a reservation of a growing crop. 2. McIlvaine being in possession of the field upon which the wheat was sown, the delivery of the possession to defendant is a sufficient consideration to support the contract to pay for the wheat.

*D. E. Perryman*, for respondent. 1. The growing crop of wheat was a part of the freehold and passed by the deed. (Hilliard on Real Prop. 32. 1 Leigh, (Va.) 294. 3 Johnson, 216. 3 N. Hamp. 503. 3 Watts, 394. 7 id. 378. 4 Kent's Comm. 518, 519. 1 Greenl. Ev. 352.) 2. Parol evidence is not admissible to contradict a deed. (8 Mo. Rep. 161. Id. 391.)

SCOTT, Judge, delivered the opinion of the court.

1. Growing wheat is a part of the freehold and passes along with the land on which it is sown. The rule with regard to emblements, as stated by an accurate writer, is this : that, in contracts for the sale of things annexed to and growing upon the freehold, if the vendee is to have the right to the soil for a time, for the purpose of further growth and profit of that which is the subject of sale, it is an interest in land, within the meaning of the statute of frauds, and must be proved by writing ; but when the thing is sold in prospect of separation from the soil immediately or within a convenient and reasonable time, without any stipulation for the beneficial use of the soil, but a mere license to enter and take it away, it is to be regarded substantially as a sale of goods, and so not within the statute ; although an incidental benefit may be derived to the vendee from the circumstance that the thing may remain for a time upon the land. (Greenleaf's Cruise, vol. 1, p. 60.)

From the rule thus established, it is plain that growing wheat

is an interest in land, and would pass by the deed which conveyed the land. Now no principle is better established than that which forbids the introduction of parol evidence to contradict or vary a deed. The evidence, if admitted, would have shown that an interest did not pass by the deed, which the law says did pass.

But as growing wheat is an interest in land, a contract concerning it is within the statute of frauds and perjuries, and must be in writing. It would follow, therefore, that parol evidence of the sale of a growing crop of wheat would be inadmissible. The judgment is affirmed. The other judges concur.