### Joseph Vanderkarr v. James L. Thompson.

*Contracts for the sale of lands: Evidence: Parol reservation of crops: Contemporaneous conversation.* A written contract for the sale of land cannot be affected by a contemporaneous reservation of the crops growing on it.

What is said by parties, who have signed a contract, having no reference to any new consideration, must be looked upon as contemporaneous with the contract.

*Trespass: License: Evidence.* In trespass, evidence of license cannot be shown under the general issue.

*Heard July 9.  Decided July 12.*

Error to Shiawassee Circuit.

This was an action of trespass brought in the Circuit Court for the County of Shiawassee, by James L. Thompson v. Joseph Vanderkarr, for entering upon the land in the possession of the plaintiff and cutting and carrying away a quantity of wheat. The plaintiff's possession had been obtained under written contract for the purchase of the land on which the wheat was growing at the time of the purchase. The defendant pleaded the general issue and

gave notice of the sale of the land by him to the plaintiff; that the wheat in controversy was growing on the land and had been expressly reserved at the time of the sale; and that in pursuance of the agreement the defendant had entered upon the land and harvested and carried away the wheat. On the trial a witness who had testified that he was present at the making of the contract, was asked whether "any part of the wheat then growing on the land was reserved from the operation of the contract?" and "what was said, if anything, between the parties immediately after signing the contract and before they separated, about the wheat then growing on the land?" The questions were objected to as tending to contradict the the terms of the written contract, and were excluded. The plaintiff had judgment; which the defendant below brings into this court by writ of error.

*Hugh McCurdy*, for plaintiff in error.

The issue made by the pleadings was, that the defendant cut and carried away the plaintiff's wheat,—the defendant replies, "if I did so, I reserved the wheat growing on the land when I sold it to you and cut and carried away by your consent."

The counsel for the plaintiff in the court below, objected to the evidence of the defendant to show this fact, as incompetent, and the Circuit Judge so ruled, that the evidence offered tended to contradict the written contract given in evidence in the cause, and excluded the evidence. We claim the court erred in this ruling, for the following reasons:

1. By the common law growing crops are personal property, but pass by conveyance as appurtenant to the land unless severed by reservation, or exception. The nature of such a reservation is a collateral executory contract that our statute does not require to be in writing, and therefore need not be.

2. Our statute follows the course of the common law, (Sec's 4,463–4,) and provides that growing grain and unharvested crops may be levied upon by execution and sold thus recognizing the distinction between real and personal property.

3. It is competent for a party to show by parol, that growing crops were reserved on the sale of land, although the contract of sale or deed contains no exception.

4. Such reservation need not be in writing, as it is not an interest in the land, but appertains exclusively to personal property.

5. The evidence offered was also competent to go to the jury, as it tended to show that when the defendant took the wheat, he not only did so by virtue of a reservation, but that he had a license from the plaintiff to take the wheat.—*Backenstoss v. Stahler's Admrs., 33 Penn. (9 Casey) 251; Harbold v. Custer, 44 Penn. (8 Wright) 392; Merrill v. Blodgett, 34 Vt. (5 Shaw) 480.*

A parol license, is effectual to justify everything which may be done under it, prior to its revocation.—*Miller v. Auburn & Syracuse R. R. Co., 6 Hill, 61; Stevens v. Stevens, (11 Met.); 1 Washb. on Real Property, 398, §6; Selden v. Hudson Canal Co., 27 N. Y. 634.*

It will be insisted by the counsel for the defendant in error, that the evidence offered, tended to contradict the the written contract, but, is this so?

The contract is *silent* about the crops growing on the land when it was executed, and the evidence offered was two-fold in its character; first, the wheat was not to be embraced in the contract,—second, that after it was executed, the parties agreed that the wheat was the defendant's; which would have been establishing a collateral and independent fact, about which the contract was silent.—*Kean v.*

*McNitt, 6 Minn. 513 ; Ruggles v. Swanwick, 6 Minn. 526 ; Facy v. Otis, 11 Mich. 213.*

*Gould & Lyon,* for defendant in error.

The sale of the farm, upon which the wheat was growing, carried with it the wheat, which is the subject of this controversy ; the agreement was reduced to writing, and contains no reservation of the wheat.

We claim that when the written agreement has no ambiguity to be explained, a court of law will not admit parol proof to alter or vary its terms.—*Street v. Dow, Harrington Ch. 427 ; Adair v. Adair, 5 Mich. 204; Jones v. Phelps, 5 Mich. 218 ; Schwartz v. Wendell, Walker's Ch. 267 ; Stange v. Wilson, 17 Mich. 342 ; 2 Phillips Evidence, Cowen & Hill's, and Edwards' notes, pages 557-8, note 464 ; 13 Ill. 688 ; 15 Ill. 56 ; 3 Scammon, 566.*

A reservation, if made, must be a part of the contract of sale, else it would not be a reservation, and therefore, must be merged in the writing.—*Martin v. Hamlin, 18 Mich. 354.*

If a sale could be made of wheat growing, by parol, which has been held, (*9 Cowen's Reports 38,*) it must have the elements of a bargain and sale, when the sale is upon consideration, and when the minds of the parties meet.

In this case, it cannot be pretended that there was such a sale, or that the question was asked for that purpose.

If any cases shall be found, when a reservation was allowed to be established, by parol, it will be found to be when the court has equitable powers, and exercised them, or when there is a violation of the rule held by this court.—*2 Phillips Evidence, Cowen & Hill's, and Edwards' notes, page 545, note 650.*

VANDERKARR v. THOMPSON.

COOLEY, CH. J.

Thompson sued Vanderkarr in trespass for entering upon certain lands and taking and carrying away a quantity of wheat. It appears that Vanderkarr sold Thompson the lands by contract of sale in the ordinary form, except that it gave Thompson the right to the immediate possession, use and cultivation of the lands; and the wheat now in question was at that time a growing crop upon them. The wheat is not mentioned in the contract, and Vanderkarr sought to prove on the trial that by verbal agreement at the time the contract was made, the wheat was reserved to him. The Circuit Judge rejected this evidence, and his ruling upon this point presents the first question for our consideration.

We are aware that there are some decisions which sustain a parol reservation of growing crops in a sale and conveyance of lands, and which, therefore, might justify the evidence sought to be introduced in this case; but these decisions, we think, are not only unsound in principle, but they are opposed to the current of authority, and to the well understood rule in this State. The purpose of such, evidence is to vary the legal effect of the conveyance by establishing a contemporaneous qualifying agreement; and it therefore violates a fundamental rule of evidence, to say nothing of any question that might be raised by it under the Statute of Frauds. We think the Circuit Judge committed no error in this ruling.

We are not to be understood by this opinion as holding or intimating that a parol sale or any parol contract relating to a growing crop, made upon valuable consideration, is invalid. We only hold that a parol contract contemporaneous with the written contract cannot be shown. A contract made at any other time stands on altogether a different footing.

When this evidence was rejected, the counsel for Vanderkarr asked a witness who was present when the contract was made, the following question: "State what was said, if anything, between the parties, immediately after the signing of the contract and before they separated, about the wheat then growing on the land then contracted by defendant to plaintiff, and that should have been reserved from the operation of the contract." An objection to this question was also sustained.

If the first ruling was correct, it would seem that this must be correct also, inasmuch as what was said immediately after the signing of a contract, and while the parties were still together, and having no reference to any new agreement or consideration must be looked upon as contemporaneous with that formality, and as constituting a part of the same transaction, the result of which was evidenced by the written instrument. It is claimed by counsel, however, that, at least, this conversation after the contract was signed, if it showed Thompson's permission to Vanderkarr to harvest and remove the wheat, would operate as a parol license, which, until revoked, would protect the licensee against an action of trespass. The answer to this is, that in trespass the defense of license could only be made under a special plea or notice; and no such special defense is made by notice in this case. The defendant, therefore, was not in position to raise this question on the trial.

The judgment must be affirmed with costs.

The other Justices concurred.