JANE DEAN v. GEORGE W. ADAMS.

*Parol testimony as to consideration of deed—Animals.*

The consideration for a deed may be shown, by oral testimony, to include chattels not mentioned therein.

Animals may be sold without writing.

Error to Hillsdale.   Submitted June 10.   Decided June 23.

REPLEVIN.   Plaintiff brings error.   Affirmed.

*George A. Knickerbocker* and *James S. Galloway* for plaintiff in error.   Parol evidence of a greater or different consideration than is expressed in a written agreement is inadmissible: *Schemerhorn v. Vanderheyden* 1 Johns. 138; *Maigley v. Hamer* 7 Johns. 340; *Cocks v. Barker* 49 N. Y. 107; *Halliday v. Hart* 30 N. Y. 474; *Renard v. Sampson* 12 N. Y. 561; *Adair v. Adair* 5 Mich. 210.

*Dickerman & St. John* for defendant in error.   Parol evidence is admissible to show the terms of the contract on which a conveyance was made: *Trevidick v. Mumford* 31 Mich. 467; *Doty v. Martin* 32 Mich. 462; *Strohauer v. Voltz* 42 Mich. 444; *Collins v. Tillou's Adm.* 26 Conn. 368; *Frey v. Vanderhoof* 15 Wis. 398; *Hahn v. Doolittle* 18 Wis. 196; *Willis v. Hulbert* 117 Mass. 151; the consideration of a bond is generally open to inquiry: *Bowker v. Johnson* 17 Mich. 42; the clause acknowledging consideration paid may be rebutted by parol testimony: *Clapp v. Tirrell* 20 Pick. 247; *Drury v. Improvement Co.* 13 Allen 168.

GRAVES J.   The plaintiff brought replevin before a justice of the peace for a mare and two cows, and recovered, but on appeal the circuit court gave judgment for the defendant. The plaintiff brought error.

June 7, 1875, the plaintiff owned a place of eighty acres in Hillsdale county, and the personal property in question. Her husband, who was then living, but died soon after, joined with her in an agreement with the defendant by which the farm was to be conveyed to him and he was to maintain them during their lives.   They went before an attorney in Hillsdale to have the proper papers drawn and executed to carry out the agreement, and they explained to him the terms settled on.   Adams was to secure the agreed support and maintenance by his bond and a mortgage on the farm received from the plaintiff.   The deed and bond and mortgage were accordingly prepared and executed.   The condition of the bond contained the following preamble: "Whereas the said Jane Dean and the said Robert Dean have this day conveyed to the said George W. Adams that lot of land known as the east half of the north-east quarter of section number seventeen (17) in said township of Jefferson, in consideration of the support and maintenance of the said Jane and the said Robert by the said George," now the condition, etc.

On the trial the defendant was allowed, against objection, to show by the attorney and others that the animals in question were conveyed by the plaintiff to the defendant at the time of the deed and bond and mortgage and as part of the same transaction, and that their value formed a part of the consideration for the undertaking to support the plaintiff and her husband; that when the attorney came to read the papers as prepared, it was discovered that no mention had been made of the mare and cows, and that he then informed the parties that no writing for their transfer was necessary, and that an actual delivery would answer every purpose.

The only question which is presented arises on the reception of this oral evidence.   It is objected that in permitting it the court allowed to be introduced the oral statements made by the parties at the same time they entered into writings, and authorized the proof of an item of consideration not recognized by the papers and not in harmony with the recital in the bond.

We think there was no infringement of the rules of evidence. No writing was necessary for the disposal of the animals. It was for Mrs. Dean to transfer them to Adams, and in case of any writing for the purpose it must have proceeded from her. But none was made. The bond and mortgage belonged to the other side of the transaction, and their office was to describe and secure performance of the undertakings on the part of Adams. It was not essential that they should detail the whole particulars of the consideration. The recital that the consideration on which the plaintiff and her husband gave the deed was their support and maintenance was true. There is no statement that they gave nothing more than the farm. Neither is there any statement that the farm was the sole consideration for the support and maintenance. The recital assumed to state on what consideration the deed was founded, and was not intended to imply that nothing more was founded on the same consideration, or that Adams had no other consideration than the farm for his undertaking. Hence, there was no inconsistency between the papers and the oral evidence. The inquiry was directed to show the actual ingredients of the consideration of the bond and mortgage, and there was nothing in the papers to exclude it. The case appears to fall under previous decisions. *Doty v. Martin* 32 Mich. 462; *Trevidick v. Mumford* 31 Mich. 467; *Bowker v. Johnson* 17 Mich. 42; *Strohauer v. Voltz* 42 Mich. 444.

The judgment must be affirmed with costs.

The other Justices concurred.