HELEN ADAMS AND FRANK U. VIELE v. JASON R.
WATKINS.

*Deed—Parol evidence—Growing crops—Consideration.*

A farm upon which a crop of wheat was growing was sold and
conveyed for a stated consideration, and the grantee went
into possession. The grantor sued the grantee in *assumpsit*
for one-third of the net proceeds of the wheat, and sought to
show in support of his claim that it was verbally agreed at
the time of the conveyance of the land that, as a further
consideration for said conveyance, the grantee should harvest
and market the wheat, and pay the grantor one-third of the
net proceeds realized on such sale. And it is held that the
terms and effect of the deed cannot be varied by proof of such
a verbal agreement.[1]

Error to Hillsdale. (Lane, J.) Submitted on briefs
October 5, 1894. Decided January 4, 1895.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*A. B. St. John,* for appellant.

*E. J. March,* for plaintiffs.

McGRATH, C. J. On March 1, 1887, plaintiffs conveyed
to defendant certain farming lands for an expressed con-
sideration of $3,600, and defendant went into possession.
At the time of the conveyance, certain wheat was grow-
ing upon the land. Plaintiffs insist that it was agreed by
parol that, as a further consideration for the conveyance,
defendant should harvest and market the wheat, and, after

---

[1] For cases treating of the sale or mortgage of future crops, see
an exhaustive note to the Michigan case of *Dickey v. Waldo,* 23
L. R. A. 449.

deducting the cost of threshing, pay to plaintiffs one-third of the proceeds; and this suit is brought to recover such one-third of the proceeds.

The court instructed the jury that, although a parol reservation of growing crops, upon a sale and conveyance of lands, was within the statute of frauds, yet, if a contract was made as claimed by plaintiffs, they should find for plaintiffs. This instruction was erroneous. It is true that a naked contract resting in parol for the severance and delivery of a growing crop is not within the statute, but here the conveyance carried with it the wheat, and vested in the grantee an absolute title thereto. Plaintiffs set up as a part of the same contract a parol agreement respecting the wheat, which is inconsistent with the grant. It is not a question of the statute of frauds, but an attempt to vary the terms and effect of a written instrument by parol. In other words, the written instrument transferred to the grantee the absolute title to the wheat, and it is sought to show by parol that the right to one-third of the wheat failed upon its severance from the soil. The deed imports a sale to the grantee; the parol agreement, that the sale was not absolute; that a trust was created respecting the wheat, or that there was a retransfer, or that there was an agreement by the terms of which an interest in the wheat should be retained, or that the crop transferred, when severed, should be divided. However the transaction may be viewed, the parol agreement sought to be shown modifies and varies the terms and effect of the conveyance. *Vanderkarr v. Thompson*, 19 Mich. 82.

The judgment is reversed.

GRANT and HOOKER, JJ., concurred with McGRATH, C. J.

LONG, J. *(dissenting)*. This is an action of *assumpsit* commenced in justice's court, and, after a trial there,

appealed to the circuit, where, on a trial before a jury, the plaintiffs had verdict and judgment.

The declaration alleges substantially that the plaintiffs were the owners of certain lands and premises in the declaration described, and that the defendant, in consideration that they would sell and convey to him the said premises, then and there undertook, promised, and agreed with the plaintiffs, among other things, to harvest and thresh one-third of the wheat then standing and growing upon 28 acres of said premises; and sell the same for cash, and deduct from the amount received by him therefor the amount paid for the machine to thresh it, and to pay the balance of said moneys to plaintiffs; that plaintiffs, relying upon such promises and undertakings, conveyed by deed of warranty the premises to the defendant; and that, though the defendant did harvest and sell said wheat, he now refuses to pay said moneys to the plaintiffs. There was testimony tending to show the contract as alleged in the declaration. The court directed the jury that—

"If this was simply a contract between the parties for the reservation of one-third of the wheat then growing upon the premises, with the understanding that that should not pass by the deed for any reason or for any purpose, then it could not be enforced in this suit. * * * But if, on the contrary, the agreement was, as claimed by the plaintiffs, that they should sell their farm for $3,600 and such additional amount as one-third of the wheat then growing on the premises should bring, * * * then the plaintiffs would be entitled to recover for the amount which that wheat sold for," etc.

This charge raises the only question which will be considered.

It is well settled that, as between the grantor and grantee, growing crops are a part and parcel of the land, and pass, by deed absolute in its terms, to the grantee.

103 MICH.— 28.

*Vanderkarr v. Thompson*, 19 Mich. 82; *Tripp v. Hasceig*, 20 Id. 254; *Coman v. Thompson*, 47 Id. 22. And it is equally well settled that the written instrument of sale of the lands cannot be changed or varied by parol evidence, and that a parol reservation of the wheat would be inoperative and void. But that is not the question here. The plaintiffs' contention is that the consideration for the land could be shown by parol evidence, and that the money arising from the sale of the wheat was a part of the consideration.

The recital of a consideration in a deed is merely to give it effect as a conveyance, and for any other purpose parol evidence is admissible to show that it was actually more or less than the amount stated. *Strohauer v. Voltz*, 42 Mich. 444; *Bowker v. Johnson*, 17 Id. 42. The consideration for a deed may be shown by oral testimony to include chattels not mentioned therein. *Dean v. Adams*, 44 Mich. 117. The above case was an action of replevin for a mare and two cows. Plaintiff recovered in justice's court, but on appeal to the circuit judgment was given for defendant. It appeared that plaintiff owned 80 acres of land and the personal property in question. Her husband (then living, but who died soon after) joined with her in an agreement by which the farm was to be conveyed to defendant, and he was to maintain plaintiff and her husband during their lives. To secure this. a bond was given, and also a mortgage on the farm. The condition of the bond was:

"*Whereas,* the said Jane Dean and the said Robert Dean have this day conveyed to the said George W. Adams that lot of land known as the * * * in consideration of the support and maintenance of the said Jane and the said Robert by the said George: Now the condition," etc.

On the trial the defendant was allowed to show, against

objection, that the animals were conveyed by plaintiff to defendant at the time of the giving of the deed, bond, and mortgage, and as a part of the same transaction, and that their value formed a part of the consideration for the under-taking to support the plaintiff and her husband; that, when the attorney came to read the papers as prepared, it was discovered that no mention had been made of the mare and cows; and that he then informed the parties that no writing for their transfer was necessary, and that an actual delivery would answer every purpose. The only question presented arose on the reception of this oral evidence. It was objected that in permitting it the court allowed to be introduced the oral statements made by the parties at the same time they entered into the writings, and authorized the proof of an item of consideration not recognized by the papers, and not in harmony with the recital in the bond. It was held that this evidence was properly allowed. This Court said:

" The recital that the consideration on which the plaintiff and her husband gave the deed was their support and maintenance was true. There is no statement that they gave nothing more than the farm. Neither is there any statement that the farm was the sole consideration for the support and maintenance. The recital assumed to state on what consideration the deed was founded, and was not intended to imply that nothing more was founded on the same consideration, or that Adams had no other consideration than the farm for his undertaking. Hence there was no inconsistency between the papers and the oral evidence. The inquiry was directed to show the actual ingredients of the consideration of the bond and mortgage, and there was nothing in the papers to exclude it."

It was said that the case appeared to fall under previous decisions; citing *Doty v. Martin,* 32 Mich. 462; *Trevidick v. Mumford,* 31 Id. 467; *Bowker v. Johnson,* 17 Id. 42; *Strohauer v. Voltz,* 42 Id. 444.

In the present case the title to the whole wheat passed

to the defendant under the deed; but by the oral agreement made simultaneously with the deed, and as a part of the consideration for it, the defendant was to harvest the one-third of the wheat, sell it for cash, and pay the moneys over to the plaintiffs. How does this contradict the terms of the written instrument, or change or vary its terms? The whole particulars of the consideration were not expressed in the deed, and need not be, under the rule in the case above cited; and the deed does not imply that no other consideration was to be paid than the $3,600. There is no inconsistency whatever between the deed and the oral evidence. The mere fact that the agreement was made at the same time as the deed, and as a part of the same transaction, does not make it ineffectual. It could not well have been made at any other time. The title to the wheat was to pass under the deed, and one-third of it was then to be sold, and the money paid over as part of the consideration for the deed.

The case is plainly distinguishable from *Vanderkarr v. Thompson*, 19 Mich. 82, upon which counsel for defendant relies. In that case it was claimed that there was a parol reservation of the crop itself, which was then growing on the land. The title passed by the deed. Vanderkarr sold Thompson the land. The wheat growing on the land was not mentioned in the contract, but Vanderkarr claimed that there was a parol reservation of it, and sought to prove it on the trial. The evidence was rejected. What was said in the case had reference to that particular question, and under the facts above stated. It was said:

"We only hold that a parol contract, contemporaneous with the written contract, cannot be shown. A contract made at any other time stands on altogether a different footing."

In the present case the crop is not claimed. It is as though the defendant had agreed to sell any other prop-

erty which he owned, and pay over the proceeds as a part of the consideration, or to sell wheat growing on any other parcel of land, and pay over the proceeds. If the oral agreement had been made with reference to wheat growing on other land, it must be conceded that it would have been enforceable, under the rule in *Dean v. Adams, supra.* But the defendant owned the wheat on this land at the delivery of the deed, the same as he owned it on his other land not conveyed to him by this deed. It is said that this is only another way of avoiding the statute of frauds. We do not regard it as such. It is but carrying out an agreement not made void by the statute. It is not the sale of an interest in lands. Neither is it an agreement, as we have seen, which varies or changes the terms of the written contract.

Judgment should be affirmed.

MONTGOMERY, J., concurred with LONG, J.