## DODDER *v.* SNYDER.

1. STATUTE OF FRAUDS—AGREEMENTS RELATING TO LANDS.
   A parol agreement between the parties to a deed, reserving to the grantor certain trees and a right of pasturage, is within the statute of frauds.

2. SAME—DEEDS—CONSIDERATION.
   The recital of the consideration in a deed is not conclusive, and, where it is established that the verbal promise of the grantee to build a fence furnished in part the consideration for the conveyance, damages may be recovered against him for a failure to perform.    MOORE, J., dissenting.

Error to Shiawassee; Wisner, J., presiding.    Submitted April 19, 1896.    Decided July 8, 1896.

*Assumpsit* by David L. Dodder against Franklin J. Snyder for the breach of a special contract.    From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Reversed.

Plaintiff sold and conveyed to the defendant by a warranty deed the E. ½ of the E. ½ of the N. E. ¼, section 10, township 7 N., range 1 E., for an expressed consideration of $2,000.    Plaintiff claims that in addition to the $2,000 the defendant agreed to build a certain portion of the fence between the land conveyed and certain other lands

of the plaintiff, and that he reserved certain trees and the right of pasturage. Plaintiff brought suit to recover damages for the failure to build the fence, in consequence of which his cattle escaped from his own pasture. At the conclusion of the plaintiff's evidence the court struck out the evidence, and directed a verdict for the defendant, upon the ground that the parol contract was a reservation in respect to lands, which the law required to be in writing or reserved in the conveyance.

*Watson & Chapman*, for appellant.

*S. A. Tomlinson*, for appellee.

GRANT, J. (*after stating the facts*). So far as the parol contract included the reservation of the trees and the pasture, the learned circuit judge was correct in his instruction. *Vanderkarr* v. *Thompson*, 19 Mich. 82; *Adams* v. *Watkins*, 103 Mich. 431. But in so far as it included the contract to build a fence, we think he was in error. The recital of a consideration in a deed is not conclusive, and it may be shown to be greater or less than the amount stated. *Strohauer* v. *Voltz*, 42 Mich. 444; *Dean* v. *Adams*, 44 Mich. 117; *Mowrey* v. *Vandling*, 9 Mich. 39. The court, at one time during the progress of the trial, recognized this distinction, and stated that it would permit evidence of an agreement to build the fence, but would exclude evidence of the reservation of. the pasturage.

The judgment must be reversed, and a new trial ordered.

MONTGOMERY, J., concurred with GRANT, J. HOOKER, J., concurred in the result. LONG, C. J., did not sit.

MOORE, J. I do not think the agreement in relation to the fence, resting in parol, can be enforced, and for that reason I dissent.