## LUMBER CO. v. POLLOCK.

(Filed October 3, 1905).

*Banks and Banking—Collaterals, Expenses of Collecting— Trustees.*

1. Where a bank lends money upon collaterals and comes into court to defend their validity, it is entitled to retain its necessary and reasonable disbursements out of the sum realized upon such collaterals.

2. The bank occupied the relation of trustee, and as such it held the collaterals, and it was its duty to protect them. Questions of public policy, such as usury or encouraging litigation, are not involved.

ACTION by Hickson Lumber Company and others against Gay Lumber Company and others, heard by *Judge Fred Moore*, at the November Term, 1904, of the Superior Court of LENOIR County.

This is an appeal from an order allowing certain sums claimed by the Norfolk National Bank, and directing the receivers to allow the same. The defendants, assignees of S. H. Loftin, appealed.

*Busbee & Busbee* for the plaintiff.
*Y. T. Ormond* for the defendant.

BROWN, J.   The Norfolk National Bank loaned S. H. Loftin a large sum of money, and took as collateral security certain notes and mortgages made by the Gay Lumber Company.   Loftin, failing to pay his debt, and the Lumber Company failing to pay its notes, the bank employed counsel and proceeded to collect the collaterals.   Is the bank entitled to be reimbursed the reasonable and proper costs and expenses incurred in collecting the collaterals?   We are of opinion that it is, and we affirm the judgment and order of His Honor below.

The cases of *Turner v. Boger,* 126 N. C., 300, and others cited by the appellant have no application here.   Those cases were controversies between creditor and debtor direct, and we affirm the principles settled in them.

Here, the question is presented before this court for the first time, as to whether or not a bank lending money upon collaterals and coming into court to defend their validity, is entitled to retain its necessary and reasonable disbursements out of the sum realized upon such collaterals.   Questions of public policy, such as usury or encouraging litigation, are not involved.   The bank occupied the relation of trustee, and as such it held the collaterals.   It was its duty to protect them.   Under the terms of the written instrument assigning the collaterals to the bank, the authority is given to collect them and apply the net proceeds to the debt due it by Loftin. No question is raised as to the reasonableness of the sum expended.   Undoubtedly an unreasonable sum would not be allowed by the courts.

When a creditor takes a note of a third person as collateral security for his debt, he is bound to use due diligence in the collection of the collateral.   He is responsible to his debtor for any loss occasioned by his *laches.*   The creditor is entitled to receive all reasonable cost and expenses incurred in the protection and collection of the collateral to the same extent as any other trustee.   These principles are supported

by most abundant authority, and are founded in reason and justice. Jones on Pledges, sections 400 and 680; *Griggs v. Howe,* 42 N. Y., 166, 173; *Starrett v. Barber,* 20 Mo., 457; *Gregory v. Pike,* 67 Fed. Rep., 837; Colebrook on Coll., sections 90, 111, 114; *Hurst v. Coley,* 22 Fed. Rep., 183, and many other cases.

It would be inequitable to require the bank to protect and collect Loftin's property at its own expense, because Loftin owed it a debt which he had failed to pay.

Affirmed.

HOKE, J., did not sit on the hearing of this appeal.