JAMES L. FARRIS et al., Respondents, v. ALBERT P. HAMILTON et al., Appellants.

Kansas City Court of Appeals, June 6, 1910.

1. **DEEDS: Growing Crops.** Ordinarily growing crops are a part of the freehold and pass by deed with the land. But where the grantor, by the terms of the deed, reserves possession of the land until a date long after the maturity of the growing crops, the rule does not apply.

2. ———: ———. The owner of a farm conveyed it to defendants. The deed dated September 20, 1907, recited that it was "made subject to a lease on the above described premises which expires March 1, 1909." A crop of corn standing no said premises did not go to the grantees by virtue of said deed.

144 App—12

3. ———: ———: **Statute of Frauds.** Plaintiff's rights herein are not dependent on an oral contract void under the statute of frauds. The reservation by the grantor of the right to retain possession of the premises until after the maturity of the crops operated, by necessary implication, as a reservation of the right to enjoy the crops.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Ben E. Shotwell* for appellant.

(1)    Parol evidence of any agreement previous to the execution of the deed in question was inadmissible; the contract having been reduced to writing all prior arrangements became merged therein. Woodward v. McGaugh, 8 Mo. 161; Gooch v. Conner, 8 Mo. 391; McIlvane v. Harris, 20 Mo. 457; McLeod v. Skiles, 81 Mo. 595; Nichols v. Lapain, 105 Mo. App. 402. (2) Growing crops of the vendor on land conveyed pass with the realty to the purchaser, unless specially reserved. McIlvane v. Harris, 20 Mo. 457; Pratt v. Coffman, 27 Mo. 424; Hayden v. Burkemper, 101 Mo. 644; Reed v. Swan, 133 Mo. 100. (3) Henry Avis did not retain the growing corn on the premises conveyed by the reservation mentioned in said deed. Biddle v. Hussman, 23 Mo. 597; Stevenson v. Hancock, 72 Mo. 612; Bonnell v. Pack, 79 Mo. App. 496.

No briefs filed for respondent.

JOHNSON, J.—This is a suit in replevin tried before the court without the aid of a jury. The judgment rendered was for plaintiffs and the case is here on defendant's appeal. The court filed a written opinion in which the facts stated are found to be fully sustained by the evidence. We accept that statement of the facts and quote from it as follows:

"This is a suit in replevin for corn grown in 1907 on a tract of land owned by Henry Avis. On September 20, 1907, while the corn was still standing in the field, Avis quitclaimed the land to Catherine A. Hamilton, who is the wife of the defendant, Albert P. Hamilton.

"Said quitclaim deed has the following reservation: 'This deed is made subject to a lease on the above described premises, which expires March 1, 1909,' etc.

"The lease when offered in evidence was found to have been from March 1, 1908, to March 1, 1909, as originally written, with a clause rendering this lease null and void if Avis should sell the land prior to November 1, 1907; but by an amendment dated September 10, 1907, ten days before the sale to Mrs. Hamilton, the lease was from October 1, 1907, to March 1, 1909, instead of from March 1, 1908, to March a year later.

"There is some contention upon the part of the defendants that this change in the lease (which also struck out the clause therein rendering it null and void in case of a sale prior to November 1, 1907) was not put in the lease until after the deed to Mrs. Hamilton was made. The evidence does not show this to be the case however. On the contrary, in the evidence as to conversations that took place between Avis and Albert P. Hamilton, acting as agent for his wife, Catherine A. Hamilton, and prior to the making of the deed, it appears that Albert P. Hamilton had notice of this additional arrangement between Avis and his lessee and also of the fact that the lessee was to move in as soon as Avis could give possession.

"The defendants objected to the testimony as to these conversations between Avis and A. P. Hamilton prior to the making of the deed, but this objection was overruled. The testimony was not admitted for the purpose of ascertaining whether or not there was an oral reservation of the crops nor to contradict or supply omissions in the deed to Mrs. Hamilton, but solely for the purpose of obtaining light, if possible, on the

question whether or not Hamilton had notice of the change in the original lease at the time he accepted the deed for his wife, in case the evidence should render it doubtful as to whether the change in the lease was made before or after the deed was made. In fact if the evidence showed that Avis told Hamilton of the arrangement between him and his lessee before the making of the deed, this would be a strong circumstance showing that the lease had been so modified before the deed was executed. And the evidence as to these conversations was admitted for this purpose and not to show that Avis had orally reserved the crops and omitted to put it in his deed.

But, as stated before, whether Hamilton knew of the change in the lease or not, the evidence clearly shows that the modification of the lease was made prior to the day the deed was made and the deed said it was subject to this lease expiring March 1, 1909. In other words, not only from the deed but also from what took place between the parties, it appears that Catherine A. Hamilton took a deed from Avis for the land on September 20, 1907, but was not to get possession until March 1, 1909, nearly a year and a half later."

The question which the trial court answered in the negative and which we are called upon to decide is this: "Does the taking of a deed with such a reservation in it entitle the grantee to the crops standing in the field on the land at the time the deed is made?"

Growing crops are a part of the freehold and pass by deed with the land. [Boyer v. Williams, 5 Mo. 335.] But obviously this rule does not apply to cases where the grantor by the terms of the deed reserves the possession of the land until a date long after the maturity of the growing crops. To hold otherwise would defeat the very purpose of the reservation and, consequently, would defeat the manifest intention of the parties. The present case strikingly exemplifies the soundness of the rule we are stating. By the terms of the deed the

Farris v. Hamilton.

grantee's right to possession was deferred a year and a half. During that time she had no right to enter on the land. In the meantime the growing crops would mature and perish. Certainly the parties did not contemplate a result so foolish but must have intended that the grantor, retaining the possession of the land would garner and own the crops.

Point is made that the reservation depended on an oral contract which was void under the statute of frauds. It is true the lease to which the deed was subject did not begin until October 1, 1907, ten days after the deed to Catherine A. Hamilton was made, but she took the deed with notice that Avis had given his lessee permission to move on the place and occupy it until his term began, and this was carried out. So that by express reservation in the deed as well as by oral agreement, the grantee was not to have possession until March 1, 1909. Excluding all evidence as to a parol reservation and assuming for argument that the deed did not expressly reserve the growing crops, we say the reservation by the grantor of the right to retain possession of the premises until after the maturity of the crops by necessary implication operated as a reservation of the right to enjoy the crops, else the very object of the deferred possession would be defeated.

The judgment is affirmed. All concur.