## ARTHUR CANTRELL, Appellant, v. I. HARRY CRANE, Respondent.

### Springfield Court of Appeals, February 5, 1912.

1. **CONVEYANCES: Deed to Land: Growing Crop Passes if Not Reserved: Evidence: Contradicting Written Instrument.** Plaintiff sold and conveyed by warranty deed to defendant a tract of land upon which was standing a crop of corn, but no reservation of the crop was made by plaintiff in the deed. *Held*, that the deed carried the title to the crop and that plaintiff could not show by parol that it was not the intention to convey the crop with the land.

2. ———: ———: ———: **Deed Cannot be Contradicted by Parol Evidence.** According to the great weight of the authorities annual crops so far partake of the realty that they pass with a grant of the land, unless they are expressly reserved and evidence of a parol reservation of the growing crops by a grantor in a deed is inadmissible under the well known rule of evidence, that the terms of a written instrument cannot be contradicted or varied by parol.

Appeal from Texas Circuit Court.—*Hon. L. B.
Woodside,* Judge.

AFFIRMED.

*Dooley & Hiett* for appellant.

(1) Annual crops raised by yearly labor and cultivation are to be regarded as personal property, independent of and distinct from the land, and capable of being sold by oral contract, and such contract is not within the Statute of Frauds. Hence the grantor of land can make a valid reservation of said crop by parol contract and without incorporating such reservation in his deed. Garth v. Caldwell, 72 Mo. 627; Benjamin on Sales (3 Ed.), secs. 120, 121, 126; Holt v. Holt, 57 Mo. App. 275; Smock v. Smock, 37 Mo. App. 64; Glass v. Blazer Bros., 91 Mo. App. 569; Swofford v. Spratt, 93 Mo. App. 634; Turner v. Morris, 142 Mo. App. 64; Backenstoss v. Stahlers Admrs., 75 Am. Dec. 593; Flynt v. Conrad, 93 Am. Dec. 589; Baker v. Jordan, 3 Ohio St. 438; Bourn v. Bourn, 12 Ky. L. Rep. 467; Benner v. Bragg, 68 Ind. 338; Grabow v. McCracken, 102 Pac. 84; Baily v. Bryant, 117 Ind. 362.

*Lamar, Lamar & Lamar* for respondent.

(1) Since under a conveyance of land, growing crops pass to the vendee unless specifically reserved, the familiar rule of evidence, which excludes proof of a parol agreement contemporaneous with and impairing the legal effect of a written contract, forbids the establishment of such reservation by parol. Am. and Eng. Ency. of Law (2 Ed.), 303; 2 Kent's Commentaries (14 Ed.), 346; Tiedeman on Real Property (1 Ed.), secs. 2, 71; McIlvaine v. Harris, 20 Mo. 458; Farris v. Hamilton, 144 Mo. App. 177; Boyer v. Williams, 5 Mo. 341; Pratt v. Coffman, 27 Mo. 424; Hayden v. Burkemper, 101 Mo. 644; Red v. Swan, 133 Mo. 100;

Cantrell v. Crane.

Cooley v. Railroad, 149 Mo. 493; Davis Bros. v. Calla-
han, 168 Mo. 168; Gibbons v. Dillingham, 50 Am. Dec.
233 (Ark.); Turner v. Cook, 85 Am. Dec. (Ind.) 449;
Smith v. Leighton, 5 Am. St. Rep. 778; Kamrath v.
Kidd, 99 Am. St. Rep. 693; Bagley v. Railroad, 58
Am. St. Rep. 325; Herron v. Herron, 21 Am. St. Rep.
(Ohio) 854; Wooten v. White, 78 Am. St. Rep. (Md.)
425; Jones v. Adams, 82 Am. St. Rep. (Ore.) 765;
Wickersham v. Orr, 9 Iowa, 253; In re Anderson Es-
tate, 118 N. W. (Neb.) 1108; Carpenter v. Carpenter,
117 N. W. (Mich.) 598; Gam v. Cordray, 53 Atl. (Del.)
334; Firebaugh v. Divan, 69 N. E. (Ill.) 924; Garanflo
v. Cooley, 5 Pac. (Kas.) 766; Hartshorn v. Ingels, 101
Pac. (Okla.) 1045; Summers v. Williford, 53 So. (Fla.)
452; Foote v. Colvin, 3 Am. Dec. (N. Y.) 478; Mar-
shall v. Homier, 74 Pac. (Okla.) 368; Cummings v.
Newell, 90 N. W. (Minn.) 311; Planters Bank v. Walk-
er, 11 Miss. 409.

NIXON, P. J.—This action was commenced in a
justice's court. Cantrell, the plaintiff, owned a farm
in Texas county, and Crane, a neighbor, entered into
negotiations with him to purchase said farm which
resulted in a sale for something like the sum of $600,
the grantee to assume a $500 deed of trust. A gen-
eral warranty deed was made soon afterwards (about
August 14, 1909). Cantrell's crop, which he valued
at $110, was standing on the land at the time. No
reservation concerning the crop appears in the deed.
Plaintiff's evidence is that when he delivered the
deed to Crane he asked for his money; that defend-
ant said it was not customary to pay for the land until
possession was given, but that defendant did pay him
$50 and had the deed recorded; that defendant agreed
to pay him the remainder on September 17, 1909; that
he (plaintiff) used out of the corn until September
26th or 27th, and cut the tops off the fodder after the
date the deed was made while Crane was there in the

field, and that he stood the fodder in the field before he gave Crane possession; that Crane lived only about 100 yards away and he never objected; that Crane paid him the remainder and he moved and that afterwards he went back to the place and got some of the corn; that Crane, upon getting possession of the place, gathered the corn and put it in a crib, and that when plaintiff went for the remainder of the corn, Crane refused to allow him to take it. The writ of replevin which forms the basis of this litigation was then sued out and the corn and fodder seized. Crane testified, on the other hand, that he never saw plaintiff get any of the corn; that the tops of the fodder had been cut up; that the corn remained on the stalk, and that he (Crane) afterwards gathered it. The court sitting as a jury found the facts to be as follows: "The court finds as the facts in this case that the plaintiff sold to the defendant the farm for the sum of six hundred dollars, subject to the deed of trust thereon, and that he intended at the time to reserve the crops growing thereon; that the said reservation was not expressed in the deed that he made therefor; and that he left the land and turned the possession over to the defendant with the corn in question in this case standing on the land; that the corn in question was not a part of the consideration for the land." The evidence, fairly considered, justified this finding of facts. The court gave the following declaration of law: "The court declares the law to be that where a person makes a deed to real estate upon which there are growing crops, the deed carries such crops unless they are reserved therein, and in this case the deed offered in evidence is sufficient and it carried title to all the crops that were growing on said land and which were left standing thereon at the time plaintiff delivered possession thereto to the defendant."

The appellant contends that this declaration of the law is erroneous for the reason that annual crops

raised by yearly labor and cultivation are to be regarded as personal property, independent of, and distinct from the land, and that therefore the grantor of land can make a valid reservation of his crop by parol and without incorporating such reservation in his deed.

In the early case of McIlvaine v. Harris, 20 Mo. 457, plaintiff therein, in the spring of 1852 agreed to sell, and defendant to purchase, a tract of land, possession to be given the ensuing fall; but subsequently the agreement was modified and the defendant allowed to take immediate possession of a part of the dwelling-house on the land, and such portions of the land as the plaintiff had not at the time in cultivation. A short time after, the plaintiff executed to the defendant a general warranty deed, in which no reservation of the crops was made. Before the wheat growing on the land matured, the plaintiff sold it to the defendant on credit for the sum sued for in the action. Upon the production by the defendant of the deed containing no reservation, all the evidence offered by the plaintiff was excluded. It was held that the growing wheat was a part of the freehold and passed along with the land. This is the generally accepted rule. "According-ing to the great weight of authority crops so far partake of the nature of realty that in the absence of reservation or exception they pass by a sale or conveyance of the land as appurtenant thereto." [12 Cyc. 977, citing cases from nearly all the states including McIlvaine v. Harris, supra, and Reed v. Swan, 133 Mo. 100, 34 S. W. 483.] "Whether growing crops are considered personalty or realty, it is a rule asserted by the great weight of authority, that they are so incidental to the realty that they pass with a grant of the land, unless they are expressly reserved. The question then arises, May they be reserved by parol? This question is considered, by the majority of the cases presenting it, as one of evidence, rather than one

involving the Statute of Frauds. The weight of authority is apparently to the effect that evidence of a parol reservation of the growing crops by the grantor in a deed is inadmissible under the well-known rule of evidence, that the terms of a written instrument cannot be contradicted or varied by parol.'' [23 L. R. A. (N. S.) 1221, note, citing Gibbons v. Dillingham (Ark.), 50 Am. Dec. 233; Gam v. Cordrey (Del.), 53 Atl. 334; Smith v. Price (Ill.), 89 Am. Dec. 284; Damery v. Ferguson, 48 Ill. App. 225; Chapman v. Long, 10 Ind. 465; Turner v. Cool (Ind.), 85 Am. Dec. 449; Brown v. Thurston (Me.), 96 Am. Dec. 438; Vanderkarr v. Thompson, 19 Mich. 82; Adams v. Watkins (Mich.), 61 N. W. 774; McIlvaine v. Harris (Mo.), 64 Am. Dec. 196.] The principle is recognized in the late case of Farris v. Hamilton, 144 Mo. App. 1. c. 180, 129 S. W. 256. But there was no such reservation in the case at bar as in that case.

The cases cited by appellant are not in conflict with this doctrine. The case of Garth v. Caldwell, 72 Mo. 622, did not involve this question. Only the record proper was before the court in that case, and the only question was the right to levy on growing crops as personal property. Nor does our case of Turner v. Morris, 142 Mo. App. 60, 125 S. W. 238, lay down a different rule as governing the facts of this case. In that case both appellant and respondent claimed that there was a verbal contract as to the disposition of the growing wheat crop, the *only* contention being as to how much wheat the appellant was to get under the agreement, and the question involved on this appeal did not arise. The judgent is affirmed. All concur.