JOHN SCHLEMMER, Respondent, v. WILLIAM NORTH, Appellant.

*Freehold.*—Buildings erected upon land become part of the freehold, and do not belong to the tenant.

*Tenant.*—If a tenant be ejected by the landlord, he can only recover damages for the unexpired portion of his term.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit in trespass, commenced August 12, 1857, to recover the sum of one hundred dollars, for entering the premises of the plaintiff and tearing down and carrying away a frame house, &c.

Schlemmer v. North.

The answer denied the trespass, and alleged the title to be in defendant.

It appeared that plaintiff was tenant of defendant, and had paid rent up to May 1, 1857, and that defendant procured possession from the sub-tenants, and on the 23d April entered upon the premises and tore down the buildings for the purpose of rebuilding.

The fifth, sixth and seventh instructions, prayed by the defendant and refused, were as follows:

5. The plaintiff cannot recover for the improvements alleged to have been torn down and carried away.

6. That if plaintiff notified his tenants to leave prior to the 1st May, 1857, and made efforts to induce them to leave, for the purpose of enabling defendant to remove said premises prior to the 1st May, with a view to rebuild, and defendant induced any of the tenants to leave by paying them a consideration for so doing, then plaintiff cannot recover for any act of defendant relating to the removal of any premises voluntarily abandoned by any tenant.

7. That if the plaintiff is entitled to recover in this case, the true measure of damages is the value of the rent from the time the premises were taken down until the 1st May following.

Instruction for plaintiff, given:

1. If the court finds from the evidence that plaintiff was entitled to the possession of the premises, and that defendant without the consent of plaintiff took possession of the same until the commencement of this suit, then plaintiff is entitled to recover the value of the premises from the time they were taken by defendant up to the commencement of the suit, unless the court finds that plaintiff's right to the possession terminated prior to commencing this suit.

*Bay,* for appellant.

*A. M. & S. H. Gardner,* for respondent.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion thereon prepared by Judge Ewing, whilst on the bench, but that opinion was not delivered or judgment rendered in accordance with it. The parties now agree that that opinion may be adopted as the opinion of the court and judgment entered in accordance with it.

The judgment of the court below is, therefore, reversed and the cause remanded. Judge Dryden concurs; Judge Bay not sitting, having been of counsel in the cause.

The opinion was as follows:

" The evidence tended to show that the premises were rented by the month, and that due notice was given to plaintiff, the tenant, to quit on the 1st May; that the premises were in possession of sub-tenants, who, prior to that date, were induced, for a consideration paid them by defendant, to leave; and on or about 23d April, the defendant removed the houses, being then vacant, with the view of rebuilding on his property. The defendant had previously recovered judgment against plaintiff for the rent of the property up to 1st May, and received payment.

" Under this state of facts, the plaintiff was entitled to the possession until the 1st of May, at which time, it seems from the evidence, his term expired, and to damages for injury to the possession from the 23d April, and the measure of damages, we think, would be the value of the use or rent of the premises for that period. The sub-tenants having voluntarily yielded possession in the manner stated, could have no claim against their landlord; and the plaintiff being bound to quit on the 1st of May, he could have none against the defendant for withholding possession after that date. The seventh instruction asked by the defendant should, therefore, have been given.

" The value of the improvements made by the plaintiff could not properly be considered in estimating the damages. Upon general principles, they became a part of the freehold;

and nothing appears, either as it respects the purpose for which they were erected, or the manner in which they were connected with the freehold, bringing them within any exception to the general rule on the subject. Nor is it claimed that there is any stipulation in the lease which would make them plaintiff's property, or give him the right to remove them. The fifth instruction prayed by the defendant should also have been given.

"Judgment reversed and the cause remanded. Judge Napton concurs.                           E. B. EWING."