G. V. PILE, Respondent, v. L. G. HOLLOWAY,
Appellant.

**Kansas City Court of Appeals, February 17, 1908.**

FIXTURES: Personalty: Removal: Landlord and Tenant: Ven-
dor and Vendee.  A tenant erecting fixtures on the premises
must remove them within a reasonable time after the expiration
of his lease; but as between vendor and vendee where prop-
erty was by agreement treated as personalty in the first place
and so recognized by the vendee both at and after his purchase,
it does not become a fixture, and the original agreement need not
be in writing.

Appeal from Sullivan Circuit Court.—*Hon. John G.
Butler*, Judge.

AFFIRMED.

*Calfee & Eubanks* for appellant.

(1) If the house was personal property between
the parties as claimed by respondent then respondent
had a right to remove it from the premises at the ex-
piration of the lease or at the abandonment of the lease-
hold; and if he did not remove it at such time he for-
feited all rights thereto and it immediately became a
part of the realty and therefore the property of ap-
pellant. 1 Washburn on Real Property (4 Ed.), p. 27;
8 Am. and Eng. Ency. of Law (1 Ed.), p. 57; Walsh
v. Sichler, 20 Mo. App. 380; Lacy v. Giboney, 36 Mo.
324; Williams v. Lane, 62 Mo. App. 68.    (2)   If a
tenant of leased premises erect a house upon the land-
lord's estate he has a right to remove the same while in
possession of the premises. 1 Washburn on Real Prop-
erty (4 Ed.), p. 4; 1 Washburn on Real Property (4
Ed.), pp. 633, 634; Taylor's Landlord and Tenant, sec.
551, p. 412, sec. 553; 8 Am. and Eng. Ency. of Law
(1 Ed.), p. 48; Insurance Co. v. Tillery, 152 Mo. 421;
Railroad v. Bradbury, 106 Mo. App. 457.

129 App—38

*Wilson & Clapp* for respondent.

(1) Under the facts in this case the henhouse was personal property, and belonged to the respondent, and the appellant knowing it was respondent's, was answerable to him for its value, when he sold it to Campbell. Priestley v. Johnson, 67 Mo. 632; Nieswanger v. Squier, 73 Mo. 192; Brown v. Turner, 113 Mo. 27; Muir v. Jones, 19 L. R. A. 441. (2) But even on appellant's own theory the judgment should be affirmed for the reason that no reasonable time was given respondent in which to remove the henhouse.

BROADDUS, P. J.—This is an action of conversion: The plaintiff erected a henhouse on the land of his father with the understanding that it was to remain plaintiff's property. It developed that plaintiff's father was the owner of a certain tract of land in Sullivan county; and that for purposes of his own, plaintiff wanted his father to erect a henhouse on said land near to the house where he himself lived. This the father declined to do but told plaintiff that he might do so and the house should remain his, and that he could move it off if he "wanted to." The father sold the land to the defendant with the understanding that the henhouse did not go with the land. This was in March, 1906. In October following the defendant sold the land and conveyed it to the purchaser without any reservation as to the henhouse.

There is evidence to the effect that in September defendant requested that the house be moved off his land and some three or four days before he sold it he asked plaintiff to take it off. There is no dispute but what all parties recognized plaintiff as the owner of the property. Upon the facts stated the court directed the jury to find a verdict for plaintiff to the value of the property.

The position of defendant is that notwithstanding plaintiff was the owner of the property, it being a fixture, it was his duty to have moved it off the premises within a reasonable time, after the land was sold, and what was a reasonable time was a question for the jury and not for the court.

If a tenant who has erected fixtures neglects to remove them within a reasonable time after the expiration of his lease he forfeits all his rights to them. But the rule is different where one places a fixture on the land of another with the understanding that he may remove it when the owner of the land disposes of it to another. The property was treated as personalty in the first place by reason of the agreement between plaintiff and his father and it was so recognized by defendant both before and after he purchased the land and up to the time he also sold it. By agreement fixtures may become personal property and such agreement need not be in writing.

The Supreme Court has declared the law applicable to this case in Priestley v. Johnson, 67 Mo. 632, where it is said: "A house erected under an agreement with the owner of the land that the builder shall have the right to remove it, is personal property as between the builder or any one claiming under him, and the owner of the land or any one purchasing from him with knowledge of the agreement." A further discussion of the law of the case is unnecessary.

The judgment of the court is affirmed. All concur.