Esther v. Burke.

the provisions of the statute above cited, and therefore, the judgment of the trial court is affirmed. All concur.

JOSEPH E. ESTHER, Appellant, v. E. J. BURKE, Respondent.

Springfield Court of Appeals, December 6, 1909.

1. FIXTURES: Innocent Purchaser: Instruction: Right of Tenant to Remove Temporary Fence. Where the tenant constructs a temporary fence on land with intention to remove it at the end of his tenancy and with an understanding with his landlord that he could remove said fence, and it appears from the evidence that the fence was so constructed that persons viewing the farm and fence would conclude that the fence was constructed for temporary use only, and with the intention that it should be removed, a purchaser of the farm from the landlord should make inquiry as to whom the fence belongs and cannot recover damage from the tenant for removing said fence. An instruction covering this proposition is approved.

2. ———: ———: Tenant's Agreement With Landlord to Remove Fence. Where a fence erected by a tenant appears to be a permanent one, the purchaser of the farm would be entitled to such improvement, although erected by the tenant under an agreement with the former owner that he might remove the same at the end of his term, unless the purchaser had actual notice of such agreement at the time of his purchase.

Appeal from Camden Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*S. C. Roach* and *C. H. Shubert* for appellant.

(1) Whatever rights, if any, of removal of the fence may have existed in favor of defendant as against his prior landlord, Lewis, yet plaintiff as purchaser of the realty by deed from Lewis, without knowledge of such right, if any, existing in favor of the defendant,

took the realty and all fencing attached thereto, free from such right, if any, of the defendant. Bircher v. Parker, 43 Mo. 443; Bronson on Fix., pp. 130, 155; Union C. L. I. Co. v. Tillery, 152 Mo. 421. (2) Defendant, failing to apprise the new landlord, upon being informed by plaintiff of the sale of the land to plaintiff, that the defendant claimed to own the fence in controversy, is now precluded from setting up such claim. Ewell on Fixtures (2 Ed.), pp. 252-4; Champ S. Co. v. Roth T. Co., 103 Mo. App. 103; Union C. L. I. Co. v. Tillery, 152 Mo. 421. (3) That fixtures pass by unconditional conveyance of the freehold there can be no question. Ewell on Fix. (2 Ed.), pp. 387, 433; Ragley v. Sugar Co., 111 La. Rep. 249; Hereford v. Pusch, 68 Pac. 547; Rogers v. Crow, 40 Mo. 91; Investment Co. v. Cunningham, 113 Mo. App. 519.

*L. C. Mayfield* for respondent.

GRAY, J.—January 7, 1908, this suit was commenced in the Camden Circuit Court to recover damages sustained by reason of the respondent taking down and carrying away one hundred and sixty rods of wire fence from the premises of appellant.

The respondent, on February 12, 1907, when one Nelson Lewis was the owner of the premises, rented said premises from him for a term ending March 1, 1908. In November, 1907, and while respondent was in possession of the premises as tenant of Lewis, appellant purchased said premises.

The respondent answered, alleging that the wire fence removed by him was a temporary fence erected on said farm at his own expense, in order to get the benefit of certain pasture, and that it was understood between him and the landlord (Lewis) that he should have the right to remove said fence before the expiration of his lease.

The appellant replied, denying such agreement and understanding, or that he had any knowledge thereof,

and alleging that said fence was a fixture upon said farm of a permanent nature.

At the trial the appellant offered testimony tending to prove the allegations of his petition and reply, and respondent offered testimony tending to prove the allegations of his answer. The testimony showed that the appellant, just previous to the occupation of the premises by respondent, occupied the same as the tenant of Lewis, and after the respondent took possession of the premises, went upon the same to remove certain hay he had thereon. While he was upon the property, the respondent testified, appellant (speaking of Lewis) said to him: "That he would not furnish any fencing for cutting off any pastures, or for fencing any hay stacks, or anything of that kind." This wire fence was not upon the property at that time, and this was several months before the appellant purchased the farm.

The testimony in behalf of respondent tended to prove that the fence was of a temporary nature, and that this was apparent to persons observing it. It ran parallel with another fence upon the property, and nearly all the posts used were pieces of fence rails and part of the fence was fastened to small trees on the farm.

The appellant asked two instructions, which were by the court refused, as follows:

"1. The court instructs the jury that if you find from the evidence, that defendant, Ed J. Burke, was on the last of December, 1907, or first of January, 1908, in possession of the John Thompson farm in Camden county, Missouri, as tenant of plaintiff, and did as such tenant destroy, remove and carry away certain fencing annexed to and located upon said farm, and without the express written assent of plaintiff, you will find the issues for plaintiff and assess his damages in such sum as you shall find such farm to be injured and damaged by the removal of such fence, not to exceed two hundred dollars.

"2. The court instructs the jury that the defendant cannot avoid the responsibility for his action in removing such fence by any agreement or understanding he may have had with Nelson Lewis, the former owner of the land, unless the plaintiff had knowledge at the time he bought the farm of the claim of defendant to a right to remove said fencing."

The court, on its own motion, gave the following instructions:

"1. It is admitted in this case that the defendant is the tenant of plaintiff and that he removed from the premises the woven wire in controversy. These facts will entitle the plaintiff to recover unless the defendant was justified in removing the wire as explained in the other instructions.

"2. If you find the issues for the plaintiff you will assess his damages at such sum as you shall believe from the evidence the land and premises on which the wire was located was reduced by reason of the removal of the wire.

"3. The defendant contends that the wire in question was placed on the premises as a temporary fence only and with no intention that it should remain as a permanent fence. To sustain this contention it must appear by a preponderance of the evidence that the wire was so placed that a person viewing the farm and premises including the fence on which the wire in controversy was placed would conclude from such view that the wire was placed there with the intention that it should be afterwards removed and was not intended as a permanent fence upon the land and unless you believe that a conclusion would be reached by a person viewing the land and premises, you should find for the plaintiff, but if you believe from the evidence that the wire was so placed as to cause a person viewing the land and fence to conclude that such wire was only placed there as a temporary fence and with the expectation that it should be removed, then in that event

Esther v. Burke.

your verdict should be for the defendant. No agreement made between defendant and Lewis would justify defendant in removing the wire in controversy."

The second refused instruction was covered by given instruction No. 3. Whether or not the court erred in refusing instruction No. 1 depends upon the question as to whether a purchaser of land in possession of a tenant, has the right to all improvements upon the land at the time, regardless of the fact whether they are of such a nature that they show for themselves to be only temporary, and not intended as a permanent fixture.

We believe the law to be as declared by the court in instruction No. 3, to-wit: If it appeared from the evidence that the wire was so placed that a person viewing the farm would conclude from such view that the wire was placed there for temporary use only, and with the intention that it should be removed, the purchaser should make inquiry as to whom this property belonged.

On the other hand, if the fence appeared to be a permanent one, then the purchaser of the farm would be entitled to such improvements, although erected by the tenant under an agreement with the former owner that he might remove the same at the end of the term, unless he had actual notice of such agreement at the time of his purchase.

The court's instruction, leaving the question to the jury of the nature of the improvements, we believe to be right under the evidence.

The appellant knew that this fence was erected upon the premises while the same were in the possession of the respondent as a tenant, and if it appeared, as claimed by respondent, that the fence was simply a temporary affair, and that any person viewing the premises would know this, it seems to us that the appellant was put upon inquiry when he was about to buy the farm as to the ownership of this fence.

The appellant insists because respondent failed to notify him when he purchased the land that he claimed to own the fence in controversy, he is now precluded from setting up title thereto. In case of a fence erected in the ordinary manner, appellant's position is undoubtedly sound, but as heretofore stated, the appellant knew that the fence in controversy was placed upon the premises while they were in possession of respondent as a tenant, and if the fence was so erected that any person viewing the premises would be bound to know that the same was there for temporary use only, then we do not believe the authorities cited by appellant apply.

We believe that the instructions fairly submitted the case to the jury and that the cause is free of any error that would justify us in granting a new trial under the provisions of section 865, Revised Statutes 1899.

*Nixon,* Presiding Judge, concurs. Judge *Cox,* having presided as judge in the trial court, did not sit herein.