# W. H. MUEHLING, Appellant, v. JOHN H. MAGEE, Respondent.

**Springfield Court of Appeals, March 3, 1913.**

1. **REAL ESTATE: Deed Without Reservation: Passes Title to Fixtures to Grantee.** A deed to realty which does not reserve fixtures thereon located, passes title to same to grantee.

2. ————: ————: **Not Permitted to Vary Orally.** The grantor is not permitted to set up an oral agreement under which he would claim that it was not the intention of the parties to the deed that the fixtures were to pass. This would be varying the terms of the deed.

3. **FIXTURES: What Are: Intention of Parties.** In determining what is a fixture, the intention of the parties is to be considered rather than a mere physical attachment to the realty. Houses, machinery etc., may be placed on land in a permanent manner and yet remain personalty as between the parties to the transaction and those claiming under them with notice, if the parties by agreement evidence the intention that such shall not become part of the realty.

4. ————: **Grantee's Knowledge as to Ownership: Injunction.** A suit by the grantee cannot be maintained to enjoin the removal of a boiler from the premises, when the grantee knew, prior to his purchase of the property, that his grantor did not own the boiler.

5. ———: **Severance: Deed Not Necessary.** A deed of severance is not necessary in order to sever a fixture, such as machinery, from the real estate and make the same personalty.

6. **GRANTOR AND GRANTEE: Rights of.** A grantee with notice has no greater rights than his grantor had.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*J. D. Harris* for appellant.

(1) Parol evidence is not admissible to construe, vary or contradict the terms of a deed. And where the owner of the land annexes a fixture to the freehold, it becomes a part of the realty; and unless the fixture is reserved in the deed, it will pass to his grantee as a part of the realty. Heitkamp v. Granite Co., 59 Mo. App. 251; State Security Bank v. Hoskins, 130 Iowa 339, 106 N. W. 764, 8 L. R. A. (N. S.) 376; Todd v. Monsees, 160 Mo. App. 310. (2) A parol sale or reservation of a fixture annexed to the realty falls within the statute of frauds and is void. And to be valid the sale or reservation must be with the formalities prescribed for the sale of real estate. 19 Cyc. 1072; Potter v. Everett, 40 Mo. App. 160; Lead Co. v. White, 106 Mo. App. 230, 19 Cyc. 1070. (3) Even where the parties intend to reserve a fixture from the operation of the deed, yet if such intention is only expressed by parol contract, the fixture will pass under the deed as a part of the realty. Reservation of a fixture must be made in the deed conveying the real estate. Heitkamp v. Granite Co., 59 Mo. App. 244, 251; State Security Bank v. Hoskins, 8 L. R. A. (N. S.) 376; Todd v. Monsees, 160 Mo. App. 310. (4) An annexed fixture remains real estate, until an instrument in writing, sufficient in form, is signed, sealed and delivered, conveying it to some person other than the

owner of the land. Severance cannot be accomplished by parol. Todd v. Monsees, 160 Mo. App. 310; Lead Co. v. White, 106 Mo. App. 230; Potter v. Everett, 40 Mo. App. 161; 19 Cyc. 1070; Madigan v. McCarthy, 108 Mass. 376; 11 Am. Rep. 371. (5) The doctrine of notice to the grantee cannot apply as between vendor and vendee, or mortgagor and mortgagee. It is self-evident that what may not be done by parol agreement cannot be done by mere notice. Todd v. Monsees, 160 Mo. App. 310; State Security Bank v. Hoskins, 8 L. R. A. (N. S.) 376; Heitkamp v. Granite Co., 59 Mo. App. 244; 19 Cyc. 1072.

*McReynolds & Halliburton* for respondent.

(1) Severance of fixtures is a matter of contract and the agreement between the parties supersedes the law and will be enforced by the court. 1 Kerr, Real Property, sec. 144; 1 Tiffany, Real Property, par. 235; Priestley v. Johnson, 67 Mo. 632; Hines v. Ament, 43 Mo. 296; Mason v. Calhoun, 44 Mo. 368; Lowenburg v. Bernd, 47 Mo. 297; Goodman v. Railroad, 45 Mo. 93; Neiswanger v. Squier, 73 Mo. 193; Brown v. Baldwin, 121 Mo. 127; Brown v. Turner, 113 Mo. 27; State v. St. Louis, 169 Mo. 31; Esther v. Burke, 139 Mo. App. 267; Gregg v. Railroad, 48 Mo. App. 494; Iron Works v. Hitt, 49 Mo. App. 472. (2) Counsel for plaintiff contends that evidence of the contract of severance in this case is inadmissible, because it disputes plaintiff's deed. Such is not the case. The severance in this case was a matter of agreement between Magee, the Bank of Carthage, and Carpenter & Shaffer Manufacturing Company; it was recognized by all the interested parties and became effective before Muehling bought the premises. It is quite as competent to show this situation as to show a contract of severance as between landlord and tenant or licensor and licensee. The grantee acquires only such estate and

interest as the grantor possessed. 13 Cyc., pp. 657 and 527; Foote v. Sanders, 72 Mo. 616; Lewis v. West, 23 Mo. App. 509. (3) A contract of severance of a fixture may be by parol as well as by writing. The only object of a writing is to give notice. Pile v. Holloway, 129 Mo. App. 595; Lacey v. Giboney, 36 Mo. 324; Hunt v. Mullanphy, 1 Mo. 508; Burk v. Baxter, 3 Mo. 207; Elliott v. Wright, 30 Mo. App. 217; Loan v. Gregg, 55 Mo. App. 581; Baldwin v. Merrick, 1 Mo. App. 281. (4) The statute of frauds may be waived. 20 Cyc. 303; Brown, Statute of Frauds, pars. 135, 429; Farrar v. Patton, 20 Mo. 81; Aultman v. Booth, 95 Mo. 383; McGowan v. West, 7 Mo. 569; Railroad v. Clark, 121 Mo. 169; Hefferman v. Howell, 90 Mo. 344; Imboden v. Ins. Co., 31 Mo. App. 321. (5) By admitting all plaintiff's contentions, is he in a position to make this claim? The evidence shows that he had full knowledge of defendant's rights. He paid nothing for this boiler and he made no objection and allowed defendant to rest easy in the belief that plaintiff fully recognized and agreed to defendant's rights. Under these circumstances would not the court be assisting in the perpretation of a fraud in allowing plaintiff's claim? This is a court of equity, and plaintiff must come with clean hands and a fair and equitable case. 1 Pomeroy, Eq. Jur., par. 397-304; 16 Cyc. 144; Wilson v. Railroad, 120 Mo. 45; Joyce v. Growney, 154 Mo. 253; Seibel v. Higham, 216 Mo. 121.

STATEMENT.—This is a suit by injunction instituted in the circuit court of Jasper county on June 24, 1911, the object being to enjoin the respondent from removing a steam boiler from the mill of the appellant located in the city of Carthage. The property in question is known as the "canning factory," and consists of several lots and a brick factory building located thereon. The boiler in question stood in a portion of this building, and there is no doubt that it was firmly

imbedded in solid masonry and used by the owner when put in as a part of the realty and thus became a part thereof; and that to remove the boiler, it would be necessary to tear down a part of the brick wall in order to get it out of the building. The boiler was placed in its present location about the year 1889 and was used to run a canning factory. After numerous conveyances, the title to the property became vested in the Bank of Carthage on the twenty-third day of April, 1897, and in 1907 the Bank of Carthage conveyed the property to the Carpenter & Shaffer Manufacturing Company, a corporation organized for the purpose of handling produce. On the tenth day of January, 1911, the Carpenter & Shaffer Manufacturing Company conveyed the property by general warranty deed to the plaintiff, W. H. Muehling. There never was a physical severance made of the boiler. In none of the conveyances does any reservation of the boiler appear.

It is admitted that the defendant, Magee, was threatening to remove and would have removed the boiler from the premises had he not been restrained by this action.

The answer of the defendant was a general denial, together with a claim of the ownership of the boiler and right of possession thereof by virtue of an oral agreement which was made between the Bank of Carthage, and the Carpenter & Shaffer Manufacturing Company, and himself, when the manufacturing company became the owner of the property, which oral agreement was alleged to be well known to the plaintiff before he purchased the property and before he received his unconditional deed therefor.

The defendant objected to the introduction of any oral testimony with reference to the understanding had between the parties owning the property prior to his deed for the following reasons: (1) Because, there being no reservation in the deed, and the boiler having

once become a part of the realty, brought it within the Statute of Frauds, which would require a deed or an actual removal to work a severance. (2) Because his deed being absolute on its face, no testimony should be admitted which would vary its terms.

The preponderance of the testimony objected to by the defendant shows that the manufacturing company never claimed to own the boiler; that it was understood between that company and the Bank of Carthage and Magee, that they were buying all the lots and the building, but not the machinery which was in the building, including this boiler, and that most of the machinery was removed after the manufacturing company took possession, but that the boiler had remained there with the understanding that it did not belong to them; and that before they sold to the plaintiff they told him of this understanding with reference to the boiler and told him they did not own it and were not selling it to him.

This testimony was denied by the plaintiff, but the issues were found in favor of the defendant by the chancellor, which finding is in our opinion supported by the greater weight of the evidence, and is therefore correct.

The question to be decided here, is: May a grantee in a deed maintain a suit in equity to enjoin the removal of a boiler from the premises conveyed in his deed, when he knew that his grantor did not own the boiler and that it belonged to some one else, and when that information was known by him prior to his purchase and deed? And, in this connection, whether oral testimony against his claim to the boiler is inadmissible merely because his deed contained no reservation.

The trial court, over plaintiff's objection, admitted such testimony and found the issues in favor of the defendant, dismissing plaintiff's bill, and authorizing the defendant to remove the boiler conditioned on

a bond given to restore the walls of plaintiff's building in the condition they were prior to its removal.

## OPINION.

FARRINGTON, J. (after stating the facts).—The rulings with reference to fixtures in this as well as other states cannot be entirely harmonized; but the general tendency of the decisions, in determining what is or is to become a fixture, is to look more to the intention of the parties than to physical attachment to the realty. Hence the cases are numerous that a house, machinery, etc., may be placed on land in a permanent manner, but if the parties by agreement show an intention that such shall not become a part of the realty it will not so attach and will remain personalty as between such parties and those claiming under them with notice. [Hines v. Ament, 43 Mo. 298; Neiswanger v. Squier, 73 Mo. 192 (in the latter case, the terms of the lease allowing removal were extended by oral agreement); Esther v. Burke, 139 Mo. App. 267, 123 S. W. 72.]

The appellant practically concedes that when the boiler was placed on the land, had there been an agreement that it remain personalty with notice of such agreement, he by his deed would acquire no title to it, but contends that because it once became a part of the realty, then in the absence of a removal, no severance could take place by an oral agreement to that effect between the parties dealing with the property.

An examination of the authorities in this State discloses no case holding that a deed of severance is necessary in order to sever a fixture from the land and make it personalty.

Appellant's cases holding that a deed must be made to sever growing timber we do not think are applicable here. The very nature of growing timber makes it a part of the realty; intention of the parties

dealing with it cannot make it a chattel so long as it stands; it only becomes personalty by a physical severance. But this is not the case with machinery, which may or may not be a part of the realty according to the intention of the parties. No reason is given nor distinction made between a case where a landowner may say to another, "You may put the boiler on the property and it will not become realty and is therefore out of the Statute of Frauds," and a case where the boiler is already on the land and they then agree that it shall not be treated as realty but as personalty. The same agreement that would prevent it from becoming realty when attached permanently to the soil ought and does, as between the two parties and those having notice dealing with the property, sever it from the realty.

It has been said that emblements no longer need pass by a deed, which is a concession to agricultural industry. [Mine LaMotte L. & S. Co. v. White, 106 Mo. App. 222, 235, 80 S. W. 356.] We think the same concession can be made as to machinery where the manifest intention of the parties is that it shall be treated as personalty, either before or after it is attached.

The case of Heitkamp v. The LaMotte Granite Co., 59 Mo. App. 244, 251, differs from this one in that the deed of trust was given on the real estate and the manchinery which was at that time a fixture, all owned by the grantor, while here the severance, though verbal, occurred prior not only to plaintiff's deed, but prior also to the deed of his grantor, the Carpenter & Shaffer Manufacturing Company, and plaintiff, according to the finding of the court, had knowledge that his grantor did not own the boiler. In the Heitkamp case there was no claim that the grantor did not own the fixtures when the deed of trust was made under which the fixtures were held.

The case of Brown v. Baldwin, 121 Mo. 126, 135, 25 S. W. 863, holds that the machinery placed on the land

was treated by the parties not as a part of the realty, although it was a part of a factory which had been erected on the land, and was therefore not a fixture.

In the case under consideration, there is no doubt that the Carpenter & Shaffer Manufacturing Company, and the Bank of Carthage, and Magee, treated the boiler as distinct from the realty. The manufacturing company, admitting that it did not buy and was not the owner of this boiler, would certainly be precluded from maintaining such an action, and as was held in Sword v. Low, 13 N. E. 826, 833, a grantee with notice has no greater rights than his grantor had.

It was held in the case of Hawkins v. Hersey, 30 Atl. (Me.) 14, that when machinery is sold and placed in a building for the purpose of making it available as a manufactory, but under an agreement between the seller and buyer that the title shall remain in the former until it is wholly paid for, it may properly be deemed personal property, as against a mortgagee, who, with full knowledge, consents to the arrangement, and may be removed by the seller retaining title thereto, although it has the character of a fixture, and has been permanently annexed.

In the case of State Security Bank v. Hoskins, 106 N. W. (Iowa) 764, 8 L. R. A. (N. S. 376) cited by appellant, while the grantee did have notice that certain personalty, including machinery which was on the farm, did not pass by his deed, still the court specially finds that there was no notice that the engine had passed under the bill of sale made prior to his deed, and on the ground that the engine had become realty and was not personalty it was held that it would pass with a deed to the realty; and the court in discussing the case recognizes the want of notice in the plaintiff that the engine was intended to pass under the bill of sale.

So in the case of Todd v. Monsees, 160 Mo. App. 310, 142 S. W. 743, the deed conveying the farm was

made prior to the sale of the cider mill and without any notice to the grantee in the deed that the mill did not pass as a part of the realty.

The case of Potter v. Everett, 40 Mo. App. 152, relied on by appellant, involved the question of a sale of timber on land, and it is the law of this State that in order to pass title to growing timber it must be done by deed. Besides, the question of notice is not in that case.

In the case of Mine LaMotte L. & S. Co. v. White, 106 Mo. App. 222, 80 S. W. 356, we have the question of a severance of timber from the realty, and on page 234, Judge GOODE in discussing the case uses the following language: "The instructions requested by plaintiff's counsel only asked a verdict for possession of the lumber manufactured after March 1, 1903, at which date, as is conceded, plaintiff acquired title to the property and the trees which were part of it, without notice of the defendant's claim. The court erred in refusing those instructions and adopting the theory that if the defendant was in possession and engaged in cutting timber on March 1, plaintiff could not recover. We know of no principle of law which sanctions that ruling." Thus it was held, inferentially, that merely being in possession, engaged in cutting timber, was not enough to give the plaintiff any notice of defendant's rights to the timber. Even in the case of growing timber, the lack of notice seems to be necessary for plaintiff to recover.

The correct principle we think is declared in the case of Durkee v. Powell, 77 N. Y. Supp. 368, where it was held that even if window shades and screens to a house were not personal property as a matter of law, the action of the parties dealing with the real estate by verbal agreement made them personal property, and that such agrement on their part severed the shades and screens from the realty and gave them the character of personalty, and a purchaser of the realty

with knowledge of this understanding would not take the window shades and screens under a warranty deed where no reservation was made in the deed.

Under all the facts and the law applicable thereto, we do not believe the plaintiff has a case that will stand in a court of equity. It is our opinion that the judgment was for the right party, and finding no error in the record, it is affirmed. All concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—Counsel for appellant in their motion for rehearing evidently mistake the holding in our opinion. There is no question but that a deed to realty which does not reserve emblements or trade fixtures located thereon will pass title to the same to the grantee, and the grantor in the deed would be precluded from setting up an oral agreement under which he would claim that it was not intended by the parties that the emblements or trade fixtures were to pass, because this would be varying the terms of the deed. [Cantrell v. Crane, 161 Mo. App. 308, 143 S. W. 837.] What we hold is that either emblements or trade fixtures may be sold or severed or transferred by oral agreement and such sale, severance or transfer does not rquire the formality of a deed to pass good title. [Turner v. Morris, 142 Mo. App. 60, 125 S. W. 238.] In this case the severance of the boiler occurred long prior to the date of the deed under which the appellant claims, and he had notice of the severance when he accepted his deed and knew that he was not buying the boiler because his grantor told him that he (the grantor) did not own it. With the severance occurring long before his deed was executed and with this notice brought home to him, he is in no position to claim that which he knew his grantor did not own and therefore could not sell or transfer. When he was told by his grantor, prior to the acceptance of his deed, that the

boiler did not belong to the grantor, a reasonably prudent man must have known from this statement that he was not buying it. The motion for rehearing is denied.