# D. M. COX, Respondent, v. W. M. McKINNEY, Appellant.

### Springfield Court of Appeals, June 26, 1923.

1. **EVIDENCE OF RENTAL VALUE.** Evidence of the rental value was offered on the theory that such evidence would tend to show the value of the house at the time of the alleged conversion, and for such purpose such evidence is usually competent, but the amount of rent received is only one of the facts from which the value may be determined.

2. **STATEMENTS TO THIRD PARTIES.** Where evidence was offered to show that certain statements were made to a party is not competent where there is nothing to show that the party to whom the statements were made was at the time acting as agent for the party against whose interests the statements were made.

3. **THE UNDERSTANDING OF A PARTY.** Usually one's understanding about a matter is not competent.

4. **BUILDING PART OF REATY.** A building erected under an agreement with owner that the builder shall have the right to remove it, is personal property as between the builder or any one claiming under him, and the owner of the land, or any one purchasing from the owner with knowledge of the agreement.

5. **A WRONGDOER.** A wrongdoer will not be permitted to take the advantage of his own wrongful act.

6. **RIGHT TO REMOVE BUILDING.** The right to remove a building from real estate goes no further than the right to remove such buildings as may be severed without material injury to the freehold.

7. **REVERSAL OF JUDGMENT.** The statute provides that we shall not reverse a judgment unless we believe that error was committed materially affecting the merits.

Appeal from Circuit Court of Butler County.—*Hon. Almon Ing*, Judge.

AFFIRMED.

*Sam M. Phillips* for appellant.

(1) Under ordinary circumstances an opinion or conclusion of a party or witness with respect to matters in issue or relevant to the issue cannot be received. Kendall v. Bain, 46 Mo. App. 581; Muff v. Railroad, 22 Mo. App. 584; Laclede Land & Improvement Co. v. Goodno, 181 S. W. 410; Hendley v. Globe Refining Co., 106 Mo. App. 20; Strothers v. McFarland, 194 S. W. 881. (2) Where possession is a point in issue the conclusion of a witness is to be rejected. Thistle v. Frostberg Co., 10 Mo. 129; Kendall, etc. v. Vain, 46 Mo. App. 581; McClung v. Watson, (Tex. Civ. A.) 165 S. W. 532. (3) A witness cannot state that he has good title to or is the owner of land. Winter v. Stock, 29 Cal. 407, 89 Am. D. 57.; Hirsh v. Beverly, 125 Ga. 657, 54 S. E. 678; Bleckley v. White, 98 Ga. 594, 25 S. E. 592; Evans v. Gerry, 174 Ill. 595, 51 N. E. 615; Leahy v. Hair, 33 Ill. A. 461; Mead v. Altgeld, 33 Ill. A. 373, (Aff. 136 Ill. 298, 26 N. E. 388); Stiles v. Steele, 37 Kan. 552, 15 Pac. 561; Hess v. Eggers, 8 Misc. 726, 78 N. Y. S. 1119; Jones v. Bristow First Nat. Bank, 39 Ikl. 393, 135 Pac. 373; Murray v. Ellis, 112 Pa. 485, 3 A. 845; Ex parte Bayamon, 7 Porto Rico, 145; Ex parte Wenar, 5 Porto Rico, 150; Foster v. Foster, 81 S. C. 307, 62 S. E. 320; Gonzales v. Adoue, (Tex. Civ. A.) 56 S. W. 543; Scott v. Witt, (Tex. Civ. A.) 41 S. W. 401; Scott v. Hughes, 66 W. Va. 573, 66 S. E. 737; Shifflet v. Morelle, 68 Tex. 382, 4 S. W. 843; Kirkpatrick v. Clark, 132 Ill. 342, 24 N. E. 71, 22 Am. S. R. 531, 8 L. R. A. 511; Winter v. Stock, 29 Cal. 407, 89 Am. D. 57; 22 Corpus Juris, 636, note 43. (4) Mary P. Quinn, relative to the plaintiff's right to remove the building from the lot in the event the land was sold by her and which conversation did not occur in the presence of the defendant, and of which he had no knowledge prior to his purchase of the property in question. As to defendant such conversation was hearsay and inadmissible. 22 Corpus Juris, 199; Whitley v.

Babcock, 202 S. W. 1091; Dawson v. Flintom, 190 S. W. 972; Bonslett v. New York L. Ins. Co., 190 S. W. 870; Bross v. Rogers, 187 S. W. 38; Atkinson v. Am. School of Osteopathy, 240 Mo. 338, 144 S. W. 816; State v. Hyde, 234 Mo. 200, 136 S. W. 316, Ann. Cas. 1912D 154; Gibony v. Foster, 230 Mo. 106, 130 S. W. 314; Whitman v. Giesing, 224 Mo. 600, 123 S. W. 1052; Gardner v. Metropolitan St. Ry. Co., 223 Mo. 389, 112 S. W. 1086, 18 Ann. Cas. 1166; Lindsay v. Bates, 223 Mo. 294, 122 S. W. 682; Flowers v. Smith, 214 Mo. 98, 112 S. W. 499; Neff v. Cameron, 213 Mo. 350, 111 S. W. 1139, 127 Am. S. R. 606; Carp v. Queen Ins. Co., 203 Mo. 295, 101 S. W. 78; State v. Kelleher, 201 Mo. 614, 100 S. W. 470; State v. Woodward, 191 Mo. 617, 90 S. W. 90; State v. Faulkner, 175 Mo. 546, 75 S. W. 116; State v. Levy, 168 Mo. 521, 68 S. W. 562; Roe v. Versailles Bank, 167 Mo. 406, 67 S. W. 303; State v. Yandle, 166 Mo. 589, 66 S. W. 532; Rice v. St. Louis, 165 Mo. 636, 65 S. W. 1002; State v. Goddard, 162 Mo. 198, 62 S. W. 697; Shierbaum v. Schemme, 157 Mo. 1, 57 S. W. 526; State v. Fullerton, 143 Mo. 682, 44 S. W. 270; Gordon v. Burris, 141 Mo. 602, 43 S. W. 642; State v. Johnson, 115 Mo. 480, 22 S. W. 463; Davis v. Green, 102 Mo. 876, 11 L. R. A. 90; St. Louis v. Arnot, 94 Mo. 275, 7 S. W. 15; State v. Umfried, 76 Mo. 404; Bain v. Clark, 39 Mo. 252; Langsdorf v. Feild, 36 Mo. 440; Truesdail v. Sanderson, 33 Mo. 532; In re Largue, 198 Mo. App. 261, 200 S. W. 83; Minster v. Rothschild, 186 S. W. 753; Hinshaw v. Raines, 185 S. W. 1192; Strother v. McFarland, 184 S. W. 493; Fuller v. Tootle-Campbell, D. G. Co. 189 Mo. App. 514, 176 S. W. 1091; Swift v. Scoot, 181 Mo. App. 1, 163 S. W. 538; Johnson v. Mason, 178 Mo. App. 109, 163 S. W. 260; Whimster v. Holmes, 177 Mo. App. 130, 164 S. W. 236; Reinhart Groc. Co. v. Knuckles, 172 Mo. App. 627, 155 S. W. 1105; Disbrow v. People's Ice, etc., Co., 170 Mo. App. 585, 157 S. W. 116.

*R. I. Cope, L. E. Tedrick* and *Sheppard & Sheppard* for respondent.

(1) Even though the admission of this testimony had been error, it was harmless and not prejudicial to appellant's rights, as the facts surrounding respondent's claim of title were fully gone into. Sec. 1513, R. S. 1919; Hogan v. Ry. Co., 150 Mo. 36; O'Neal v. Kansas City, 178 Mo. 91; O'Keefe v. United Railways, 124 Mo. App. 613. (2) Rental value of property is a proper element to be considered in arriving at the value of such property, and is admissible for that purpose. Wabash Railroad Company v. Cockrell, 192 S. W. 443. (3) No motion to strike out the answer was made by respondent, and the matter was admitted, respondent's having waived the error, if any, by his failure to move to strike out the answer to the question. Haines v. C. R. I. & P. Ry. Co., 193 Mo. App. 453, 185 S. W. 1187; Boyers v. Lindhorst, 280 Mo. 5, 216 S. W. 536. (4) Even though respondent's instruction number one told the jury that if they found respondent was the "owner of the house and fixtures described in the petition, it is not erroneous, as the reference to the petition was 'not touching some essential controverted matter, but merely for the purpose of brevity of designation,'" and did not constitute error. Edelmann v. St. L. Transfer Co., 3 Mo. App. 503, 506; Corrister v. Council Bluffs Ry. Co., 25 Mo. App. 619, 627; Brown v. M. K. & T. Ry. Co., 104 Mo. App. 691, 696; Dwyer v. St. L. Transit Co., 108 Mo. App. 152, 161-2; Allen v. Springfield, 61 Mo. App. 270, 273; Shaw v. M. and K. Dairy Co., 56 Mo. App. 526; Britton v. City of St. Louis, 120 Mo. 437; State v. Scott, 109 Mo. 226.

BRADLEY, J.—Plaintiff sued to recover $500 for the conversion of a house and some fixtures therein. The cause was tried before the court and a jury, resulting in a judgment in favor of plaintiff for $245.50. Unsuccessful in motion for a new trial, defendant appealed.

Plaintiff alleged that on December 15, 1921, and for many months prior, he was the lawful owner and in possession of a frame building, one counter, one show case and some shelving, all situate on a certain described lot in the city of Poplar Bluff, the lot being the property of Mary P. Quinn; that on December 15, 1921 (the date of deed is November 15th), Mrs. Quinn conveyed the lot to defendant, and at the time advised defendant that the house and fixtures belonged to plaintiff, and that the same were not included in the sale. Plaintiff further alleges that immediately after the purchase defendant wrongfully took possession of the house and fixtures, and converted same to his own use.

Defendant answered claiming the house by virtue of his purchase, and denied that at the time of the purchase he had any knowledge of plaintiff's claim of ownership; that he purchased the lot and building thereon in good faith, and was an innocent purchaser for value.

Plaintiff established that he was the owner of the house and fixtures in dispute. He purchased the house from one Roberts in 1917, and had occupied and rented it since that time. Mrs. Quinn, who owned the lot, recognized plaintiff's ownership of the house, and collected from him $3 per month, while plaintiff, when he rented the house, received as high as $45 per month for it. The house was located on a small lot near the railroad and was used as a restaurant, and "hamburger joint." Mrs. Quinn testified that she told defendant before the sale that she "didn't claim the little shack Mr. Cox had the restaurant in, but the junk shop belonged to me that joined it; that was before I made the deal, and I told Mr. Cox I was selling the land, I told both Cox and McKinney about it." Plaintiff testified that before defendant purchased the lot he told him that he, plaintiff, owned the house. Plaintiff's wife testified to the same effect. Defendant offered evidence tending to show that he had no knowledge of plaintiff's claim of ownership.

Defendant makes several assignments, but all go to

the evidence and the instructions. Defendant contends that it was error to permit plaintiff to testify that he was the owner of the building, that such evidence was a mere conclusion, and was an invasion on the province of the jury. Plaintiff testified that he purchased the building from Roberts, and that he owned it  The ownership was an issue on trial, and plaintiff's statement that he was the owner was a mere conclusion. However, such statement, in our opinion, did not influence the jury in the least. Plaintiff testified that he purchased the building, and the only inference from the evidence of purchase here is that by the purchase plaintiff became the owner. There was no question, about plaintiff's ownership except defendant's claim by reason of his purchase of the lot. This was clearly submitted in the instructions. The question of ownership was gone into fully, and plaintiff's bare statement that he was the owner could not have misled. Such was harmless error, if error it was. In Strothers v. McFarland, 194 S. W. 881, Judge STURGIS speaking for this court quoted with approval form a note in 17 Cyc. 223, as follows: "Where the fact of ownership is stated, not as a question of legal title, but as a short method of stating a fact collaterally important and indicative of the co-ordinated class of acts, residence, exercise of control, etc., which usually attend ownership, a witness may state that he, or another, owns certain property, real or personal. In an action for the conversion of property witnesses who are personally familiar with the facts on which the ownership of such property is based can testify directly to the ownership of same as a fact, although the rule is otherwise where the facts constituting ownership are complex, or are not within the knowledge of the witnesses, so that the answer as to ownership involves the opinion or conclusion of the witnesses. This is equally true, although the jury may have ultimately to pass on the question." The question of error in permitting a witness to testify that his mother owned a certain carriage was gone into somewhat at

length in the Strothers Case, supra. The facts in that case pertaining to ownership were more complex than are the facts in the case at bar. After discussing some of the cases relied on here by defendant the court in the Strothers Case declined to reverse on the ground that the evidence complained of was prejudicial.

Defendant contends that it was reversible error to permit plaintiff to testify to a conversation he had with Mrs. Quinn relative to plaintiff's right to remove the building in the event the lot was sold. This supposed conversation was not in the presence of the defendant. An examination of the record discloses that no such conversation occurred. Plaintiff's counsel asked him about a conversation about the *rent*. And when asked directly what Mrs. Quinn said about moving the house, plaintiff answered that she didn't say anything. Then he was asked what Mrs. Quinn said to his "relative to who owned this building," and answered, "She didn't say anything. She knew I owned it." An objection was made as "to what she knew," and was sustained. There is nothing in the conversation injurious to defendant's case.

Defendant complains of the admission of evidence that plaintiff had rented the place for as much as $45 per month. Defendant says in his brief that this evidence was admitted without any showing as to the circumstances and conditions obtaining at the time, and without a showing that the circumstances were the same as at the time of the alleged conversion. The objection made at the time was that such evidence was immaterial, and did not tend to establish the value of the building. The record shows that a Mr. Porch occupied the house as plaintiff's tenant at the time of the alleged conversion, and that Porch was paying $45 per month; and had paid that amount for about 30 months. This was shown by defendant on the cross examination of plaintiff. Hence there would be no merit in the contention, if objection had been on the ground that it was not shown

that the conditions were the same as at the time of the alleged conversion. Defendant made this showing himself, and cannot complain. Evidence of the rental value was offered on the theory that such evidence would tend to show the value of the house at the time of the alleged conversion. For this purpose such evidence is usually competent, but the amount of rent received is only one of the facts from which the value may be determined [Wabash Railroad Co. v. Cockrell, — Mo. —, 192 S. W. 443.] Under the facts here, and the law as to the measure of damages applicable to these facts evidence as to the rents and competent.

Defendant complains about the admission of evidence of a conversation between Paul Quinn, son of Mrs. Quinn, and Roberts, plaintiff's vendor. Roberts, as a witness for plaintiff, stated that he moved the house on Mrs. Quinn's lot; that he made the trade with Paul. Then he was asked: "Did you have any conversation with them relative to moving that building whenever you got through with it? A. It was understood." Objection was made and sustained. Then the witness was asked: "Tell what Paul said about moving it off." Objection was made that such would be hearsay. The objection was overruled and exception saved and witness answered: "Paul said they might build a business house there or sell it to somebody, and if I had to move it I could shove it across the Frisco." No evidence was offered to show that Paul Quinn was at the time acting for his mother. Absent proof fo agency this evidence was not competent. But while, such evidence was not competent, and should have been excluded, it is no ground for reversal under the facts here. Mrs. Quinn was a witness and testified that she did not claim the house, and there is no evidence to the contrary. Hence the evidence complained of was harmless.

Defendant says that it was error to permit the witness Rose on cross examination to testify, over objection and exception, that there was a tract of land in

212 M. A.—34.

the vicinity of this "shack" large enough to accommodate it. Rose testified: "I know the railroad track runs right west of this building; and beyond the track is a vacant lot; I do not know how many feet are between that railroad track and the building just west. Q. There is plenty of room for that little building, isn't there? A. I suppose so. Mr. Phillips: There is no showing here that he had rented that place or could get it. Court: Objection overruled. Go ahead." Then follows an exception, and the further statement of the witness: "I don't know about a vacant lot being right to the south of there and some about 100 feet over on Fifth street." In view of the law as to the measure of damages here, which we shall presently notice, there was no error committed in admitting the evidence of the witness Rose. This evidence was not material, but was not prejudicial.

Defendant complains because he was not permitted to give his *understanding* about the deal he had with Mrs. Quinn. Mrs. Quinn testified that she told defendant that she did not claim the house. Defendant denied this. Usually one's understanding about a matter is not competent. Defendant cites cases from other jurisdictions to the effect that the understanding of a witness is competent where *understanding* is synonymous with *agreement*. Such is not the case here, hence it was proper to exclude such evidence. Defendant also contends that in the absence of an agreement between Mrs. Quinn and him that title to the building would *not* pass, that title thereto *would* and did pass with the land. In support defendant cites Schlemmer v. North, 32 Mo. 206; Beckwith v. Boyce, 9 Mo. 560; Donnewald v. Real Estate Co., 44 Mo. App. 350. The law applied in those cases and many others does not control here. This house was placed on Mrs. Quinn's lot under circumstances which would not have permitted her to retain it as a part of the realty; and according to the finding of the jury defendant had knowledge of plaintiff's claim of ownership. As between Mrs. Quinn and defendant, according to the

evidence, the building was not a part of the realty. A building erected under an agreement with the owner that the builder shall have the right to remove it is personal property as between the builder or any one claiming under him, and the owner of the land or any one purchasing from the owner with knowledge of the agreement. [Priestly v. Johnson, 67 Mo. 632; Pile v. Holloway, 129 Mo. App. 593, 107 S. W. 1043; Muehling v. Magee, 168 Mo. App. 675, 153 S. W. 787.]

We ruled, supra, that the evidence of the witness Rose tending to show that there was a nearby lot to which the building might be moved was not harmful. If plaintiff's damages are measured by the market value of the building removed from the lot on which it stood, then this evidence, without a showing that the near-by lot could have been procured at the time of the conversion, would have been incompetent and prejudicial. But such is not the measure of damages under the facts. Under the evidence defendant stood in the shoes of Mrs. Quinn so far as concerned the right of plaintiff to remove the building from the lot. With this fact in view the case is on all fours with Neiswanger v. Squier, 73 Mo. 192. The evidence in that case showed that plaintiffs had been tenants of defendant under a written lease by the terms of which defendant had the right, if he wished, at the expiration of the lease, to buy any building that plaintiffs might erect on the premises at a price to be fixed by appraisers. If defendant did not purchase, then plaintiffs had a right to remove any such building from the premises. Plaintiffs erected a building. Before the expiration of the lease it was renewed by verbal agreement for one year on the same terms. Before the expiration of the year plaintiffs surrendered the possession to defendant unedr a verbal agreement that he should insure the building, and keep it in repair, and might let it and and receive the rents therefrom until such time as plaintiffs might wish to remove it. After the expiration of the year, and at a time when the

premises were in the actual occupancy of a new tenant, plaintiffs asked permission of defendant to remove the building. Defendant declined to permit the removal. There the court said: "A wrongdoer will not be permitted to advantage himself by his own wrongful act. Had defendant sold the lot with the building on it to a stranger, he would have been answerable for whatever sum the building enhanced the valuation of the lot. Can the rule be different because the conversion manifests itself by retention of the property, rather than by some other method? The criterion in such cases is the worth of the property to him who appropriates it."

The evidence in the case at bar shows that plaintiff asked defendant for permission to remove the building from the lot, and that defendant refused. The rule laid down in the Nieswanger Case was followed in Clothing Co. v. Steideman, 169 Mo. App. 306, 1. c. 329, 152 S. W. 609. It is pointed out in the last-mentioned case that the right to remove in such cases goes no further than the right to remove such buildings as may be severed without material injury to the freehold. There is no contention in the cause before us that the removal of the building and fixtures therein would have injured the freehold in the slightest degree. In Seibel v. Siemon, 72 Mo. 526, it was ruled that in the absence of fraud, malice or oppression, the measure of damages for refusal of a purchaser under a deed of trust to permit a purchaser at a mechanic's lien sale to remove a building erected after the execution of the deed of trust was not the value of the building as it stood, but what it was worth removed from the land. But in that case it is stated that a refusal of a landlord to permit a tenant to remove erections made by the tenant under an agreement that he might remove, smacks of fraud and oppression. This feature is the distinction between the Neiswanger Case, and the Seibel Case, and those following each respective case.

Defendant challenges the instruction given for plain-

tiff. There are some errors in this instruction, but in view of the whole record we do not believe that we should remand this cause. Evidently plaintiff was not clear as to the rule measuring his damages, and judging by the amount of the verdict defendant profited thereby. Section 1513, Revised Statutes 1919, provides that we shall not reverse a judgment unless we believe that error was committed materially affecting the merits. We did not believe that the errors in the instruction materially affected the merits. Defendant got off about as light as he could expect, when the true rule as to the measure of damages is considered.

The judgment should be affirmed, and it is so ordered. *Farrington, J.,* concurs. *Cox, P. J.,* concurs in the result.